

**Entered on Docket**
**January 19, 2010**

**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

Jessica Newill, Esq.
Nevada Bar No. 11425
Law Office of Brian D. Shapiro, LLC.
411 E. Bonneville Ave., Suite 300
Las Vegas, NV 89101
Phone: (702) 386-8600
Fax: (702) 383-0994
bshapiro@brianshapirolaw.com
*Local Counsel for Deutsche Bank National Trust*
*Company, as Trustee of the Residential Asset*
*Securitization Trust 2005-A8CB, Mortgage*
*Pass-Through Certificates, Series 2005-H*
*under the Pooling and Servicing Agreement*
*dated June 1, 2005*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA
AT LAS VEGAS

|  |  |
|---|---|
| In Re: | BANKRUPTCY NO. 09-17996-lbr |
| EMERSON DALE SMOCK AND CHRISTINA SMOCK, | CHAPTER NO. 13 |
| Debtor. | STIPULATED ORDER FOR ADEQUATE PROTECTION |

Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2005-A8CB, Mortgage Pass-Through Certificates, Series 2005-H under the Pooling and Servicing Agreement dated June 1, 2005 and its successors and assigns' ("Deutsche Bank") Notice

and Motion for Relief from Automatic Stay having been duly served; the Court finds that the parties hereto agree to entry of the following Order:

STIPULATED FINDINGS

1.    Deutsche Bank National Trust Company, as Trustee of the Residential Asset Securitization Trust 2005-A8CB, Mortgage Pass-Through Certificates, Series 2005-H under the Pooling and Servicing Agreement dated June 1, 2005 is a secured creditor with a lien against the parcel of real property commonly known as 82 HORSEWEED CIRCLE, HENDERSON, NV 89015.

2.    Deutsche Bank brought a Motion for Relief from Stay. Deutsche Bank agrees that if the Debtors meet the payments as described below this constitutes adequate protection.

3.    The Debtors agree that the total amount of post-petition delinquency as of November 1, 2009 is $3,219.26.

ON THE BASIS OF THE FOREGOING STIPULATED FINDINGS, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Debtor shall maintain payments, beginning January 1, 2009, directly to Deutsche Bank c/o OneWest Bank at Mail Code: KZ-02-01, 6900 Beatrice Drive, Kalamazoo, MI 49009 as follows:

a.    $2,322.67 per month for current monthly payments, plus late charges, if applicable, which amount may be adjusted according to the terms of the loan documentation; and

b.    an additional $536.54 per month for post-petition delinquencies until fully paid.

2.    Deutsche Bank's proof of claim may be amended to provide for payment of the attorneys' fees and costs incurred in bringing this motion through the plan, and if necessary to pay Deutsche Bank's claim in full, the Debtors' Plan shall be amended to fully pay said claim. Failure

to amend the Plan, if necessary, shall be an additional event of default and subject of a notice of failure to pay described in the next paragraph.

3.  If any payment referred to in paragraph 1 above is not received when due, or if a modified plan, if necessary, is not filed within 30 days after filing of an amended proof of claim, Deutsche Bank shall then give written notice (hereinafter "Default Notice"), delivered by regular mail, to the Chapter 13 Trustee, Debtors and to Debtors' Attorney of the default. The Default Notice may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.  If the defaulted payment(s), and $50 for reimbursement of attorneys fees incurred in issuing the Default Notice, is/are not received in the office of Robinson Tait, P.S., to the attention of Outside Counsel, within ten (10) days after the Default Notice was mailed, the automatic stay of 11 U.S.C. § 362 shall be vacated with respect to Deutsche Banks' interest in the property upon ex parte presentation of verifying affidavit and a proposed order for relief from stay, allowing Deutsche Bank to pursue any of its remedies under the law, including but not limited to, holding a Trustee's Sale of the Property. Only one Default Notice is required to be sent. Upon the Debtors' second default, or if a senior lien obtains relief from stay, the automatic stay will lift without opportunity for cure upon ex parte presentation of verifying affidavit and a proposed order for relief.

Any notice that Deutsche Bank's counsel shall be required to give to the Debtors and Debtors' attorney shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC, § 1692.

/ / /

/ / /

/ / /

1    Any Order for Relief from Stay entered as a result of Debtors' failure to make payments

2   as provided in this Stipulated Order shall be effective immediately notwithstanding provisions of

3   Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3) providing otherwise.

4    DATED this 2 day of December, 2009.

5

6

7

8   Presented by:

9

10   _Jessica Newill_

11   Jessica Newill, Esq.
    Nevada Bar No. 11425

12   Law Office of Brian D. Shapiro, LLC.
    411 E. Bonneville Ave., Suite 300

13   Las Vegas, NV 89101
    Phone: (702) 386-8600

14   Fax: (702) 383-0994

15   bshapiro@brianshapirolaw.com
    *Local Counsel for Deutsche Bank National Trust*

16   *Company, as Trustee of the Residential Asset*
    *Securitization Trust 2005-A8CB, Mortgage*

17   *Pass-Through Certificates, Series 2005-H*
    *under the Pooling and Servicing Agreement*

18   *dated June 1, 2005*

19

20

21   Agreed as to Form and Content; Notice of Presentation Waived:

22

23

24   Charles T. Wright, Esq.
    Attorney for Debtors

25

26

27

28