SYLVESTER & POLEDNAK, LTD.
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
Email: jeff@sylvesterpolednak.com
(702) 952-5200 (Telephone)
(702) 952-5205 (Facsimile)
*Attorneys for Creditor SKLV Properties, LLC*

E-FILED July 7, 2010

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>HOTEL FURNITURE SALES, INC. dba<br>HOTEL FURNITURE LIQUIDATORS<br><br>Debtor. | Case No. BK-S-09-29126-MKN<br>Chapter 11<br><br>Hearing Date: August 10, 2010<br>Hearing Time: 3:30 p.m. |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(d)(1)**

SKLV Properties, LLC ("***SKLV***") moves this Court for an order granting relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) allowing SKLV to exercise its right of set off pursuant to 11 U.S.C. § 553 of the security deposited remitted by Debtor pursuant to the terms and conditions of the Lease Agreement.

**I.**

**FACTUAL BACKGROUND**

1. Landlord is the owner of that multi-tenant real property development known as 4500 Wynn Road, Las Vegas, Nevada, and leases portions of the premises to the Debtor pursuant to that certain lease agreement dated September 10, 2004 (the "***Lease***" or "***Lease Agreement***"). A true and correct copy of the Lease Agreement is attached hereto and marked as ***Exhibit B***.

2. Pursuant to the terms and conditions of the Lease Agreement, the Debtor was obligated to pay the monthly rent of Seventy-one Thousand, Eight Hundred Eighteen and 35/100 Dollars ($71,818.35) together with common area maintenance expenses in the sum of Ten Thousand

///

Twelve and 06/100 ($10,012.06), totaling an aggregate monthly rent obligation of Eighty-one Thousand, Eight Hundred Thirty and 41/100 ($81,830.41).

3. Pursuant to Section 3.03 of the Lease Agreement, Debtor posted a Security Deposit in the sum of $77,818.35. The Lease Agreement provides, in relevant part, as follows:

> (a) Upon the execution of this Lease, Tenant shall deposit with Landlord a cash Security deposit in the amount set forth in Section 1.10 above. Landlord may apply all or part of the Security Deposit to any unpaid rent or other charges due from tenant or to cure any other defaults of Tenant. If Landlord uses any part of the Security Deposit, Tenant shall restore the Security Deposit to its full amount within ten (10) days after Landlord's written request. Tenant's failure to do so shall be a material default under this Lease. No interest shall be paid on Security Deposit. The Security Deposit or such amount thereof as may be remaining after applied by Landlord as stated in this Lease, will be refunded to Tenant within five (5) business days from expiration of the Lease and surrender of the Property to Landlord in the condition required by this Lease. Landlord shall not be required to keep the Security Deposit separate from its other accounts and no trust relationship is created with respect to the Security Deposit.

4. Pre-Petition, the Debtor defaulted pursuant to the terms and conditions of the Lease Agreement. Accordingly, Landlord issued a Five-day Notice to Pay Rent or, in the Alternative, to Quit. A true and correct copy of the Five-day Notice to Pay Rent or, in the Alternative, to Quit is attached hereto and marked as **Exhibit C**.

5. The Debtor filed a Voluntary Petition for Relief pursuant to Chapter 11 of the United States Bankruptcy Code on October 12, 2009, to avoid the eviction.

6. SKLV is entitled to exercise its right of set-off pursuant to 11 U.S.C. § 553.

## II.

## LEGAL ARGUMENT

**A. Cause Exists to Vacate the Automatic Stay Pursuant to 11 U.S.C. § 365(d)(1).**

The right of set-off is subject to the Automatic Stay of 11 U.S.C. § 362(a)(7) which stays "the set off of any debt owing to the debtor that arose before the commencement of the case... under Title [11] against any claim against the debtor. . ." 11 U.S.C. § 362(a)(7); Oregon v. Harmon (In re Harmon) 188 B.R. 421, 425 (BAP 9th Cir. 1995) (noting that § 553's "applications restricted by the automatic stay of § 362(a)(7)"). "Courts generally recognize that, by establishing a right of set off,

-2-

the creditor has established a *prima facie* showing of 'cause' for relief from the automatic stay under § 362(d)(1)." In re Ealy, 392 B.R. 408, 114 (Bankr. E.D. Ark. 2008) (*citing* In re Nuclear Imaging Systems, Inc., 260 B.R. 724, 730 (Bankr. E.D. Penn. 2000). Once a creditor established the right to set off, the burden shifts to the debtor to reflect the *prima facie* showing. Id.

In the instant case, SKLV is entitled to set off pursuant to 11 U.S.C. § 553(a). That provision provides as follows:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
>
> (1) the claim of such creditor against the debtor is disallowed;
>
> (2) such claim was transferred, by an entity other than the debtor, to such creditor—
>
> (A) after the commencement of the case; or
>
> (B)
>
> (i) after 90 days before the date of the filing of the petition; and
>
> (ii) while the debtor was insolvent (except for a setoff of a kind described in section 362 (b)(6), 362 (b)(7), 362 (b)(17), 362 (b)(27), 555, 556, 559, 560, or 561); . . .

Generally, set off is permitted pursuant to 11 U.S.C. § 553 where four (4) conditions exist: (1) the creditor holds a claim against the debtor that arose before the commencement of the case[1]; (2) the creditor owes a debt to the Debtor that also arose before the commencement of the case; (3) the claim and debt are mutual; and (4) the claim and debt are each valid and enforceable. See 5 Collier on Bankruptcy, Section 553.01[1], at 553-7 (5th ed. rev. 2005) (internal citations omitted).

"The mutuality of debt requirement is generally considered satisfied where the creditor is directly obligated to the debtor and the debtor is, in turn, directly obligated to the creditor, without the involvement of third parties or fiduciary relations." Tomsic v. Sales Consultants of Boston, Inc., (In re Salience Associates, Inc.) 372 B.R. 578, 589 (Bankr. D. Mass. 2007).

---

[1] SKLV has filed a proof of claim establishing its prepetition claim in the amount of $295,362.18. No objection has been made to this proof of claim. A true and correct copy of Proof of Claim No. 17 is annexed hereto and marked as **Exhibit D**.

In the instant case, as set forth above, the Debtor is indebted to SKLV by virtue of its pre-petition breach of the terms and conditions of the Lease Agreement. As noted above, the Debtor breached the Lease Agreement causing SKLV to issue a five-day notice, thereby commencing the summary eviction proceedings. The sum due and owing pre-petition, according to the five-day notice, totaled $295,362.81.

Additionally, to the extent that the Debtor performed pursuant to the terms and conditions of the Lease Agreement, the Debtor was entitled to the return of its security deposit. Therefore, SKLV owes a debt to the Debtor. Mutuality exists as the debts and credits are in the same right, such obligations are due to and owing from the same parties, and the parties stand in the same capacity in relation to one another. See, Scherling v. Hellman Electric Corp. (In re Westchester Structures), 181 B.R. 730, 739 (Bankr. S.D.N.Y. 1995); Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 149 (2nd Cir. 2002); Davidovich v. Welton, (In re Davidovich), 901 F.2d 1533 (10th Cir.).

As all of the elements of set off are present, cause has been established to vacate the automatic stay to allow SKLV to exercise its right of set off pursuant to 11 U.S.C. § 553.

## III.

## CONCLUSION

In light of the foregoing, SKLV respectfully requests this Court enter an order vacating the Automatic Stay to allow SKLV to offset the security deposit against the sums due, owing, and unpaid pre-petition pursuant to 11 U.S.C. § 553.

Dated this 7th day of July, 2010.

SYLVESTER & POLEDNAK, LTD.

By_____
Jeffrey R. Sylvester, Esq.
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128
*Attorney for Creditor SKLV Properties, LLC*

-4-