Jeanette E. McPherson
Nevada Bar No. 5423
Jason A. Imes
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HOTEL FURNITURE SALES, INC.,<br><br>Debtor. | Case No. BK-S-09-29126-MKN<br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF PERSONAL PROPERTY AND GOODWILL**<br><br>Date: December 15, 2010<br>Time: 11:00 a.m. |

Lenard E. Schwartzer, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Hotel Furniture Sales, Inc. (the "Debtor"), by and through his counsel, Schwartzer & McPherson Law Firm, hereby files this *Motion to Approve Sale of Personal Property and Goodwill* (the "Motion") seeking authorization to sell the Debtor's personal property (including but not limited to its inventory, vehicles and trailers), and its goodwill (including name and phone numbers) free and clear of liens, "as is, where is" and without warranty to the Sackley Family Trust for $65,000, or for such higher bid as the estate may receive.

This motion is made and based upon 11 U.S.C. §363(b)(1) and §704(1), the Declaration of Lenard E. Schwartzer filed concurrently with this Motion, and Fed.R.Bankr. P. 6004, and states:

/ / /

/ / /

/ / /

## POINTS AND AUTHORITIES

### Facts

1. On October 12, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continued to manage its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until July 13, 2010, when the Court entered an *Order Granting Motion for Order Converting Case to Chapter 7 or for Appointment of Chapter 11 Trustee or Examiner* [Docket #150] directing the appointment of a Chapter 11 trustee for this case.

3. On July 13, 2010, the Office of the United State Trustee filed the *Appointment of Lenard E. Schwartzer As Trustee For The Estate of Hotel Furniture Sales, Inc.* [Docket No. 151].

4. On November 5, 2010, the Court entered the *Order Granting Motion of Chapter 11 Trustee for Conversion of Case to Case Under Chapter 7* [Dkt. #200].

5. The Debtor was engaged in the acquisition and sale of large volumes of new and used hotel furniture which it then sold through retail and wholesale channels. The Debtor utilized two massive warehouse locations -- the larger of which is approximately 56,250 square feet with furniture stacked over forty feet in the air. (See Schwartzer Declaration)

6. No accurate listing of Debtor's inventory was ever compiled or kept due mainly to the sheer immensity and Debtor's acquisition of furniture in bulk, but a rough estimate of the inventory was prepared by the estate's special accountant and is attached as **Exhibit "1,"** and a list of the titled vehicles (prepared by Dave McCormack of Ultimate Auctioneers) is attached as **Exhibit "2."**

7. The Trustee has determined that the labor and trucking cost of simply removing and disposing of the inventory will exceed $150,000 and could take weeks to accomplish based on Debtor's previous relocation, and the estate cannot afford continued storage costs. (See Schwartzer Declaration)

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

8. The Trustee seeks authorization to sell the estate's personal property (including but not limited to its inventory, vehicles and trailers), and its goodwill (including name and phone numbers) (the "Assets") according to the following terms:

> Buyer: Sackley Family Trust and/or its assigns
> Price: $65,000.00
> Payable: Cash or certified funds due no later than December 1, 2010
> Conditions: Property to be sold "as is, where is" and without warranty.

9. The Trustee also requests that any order approving this sale state that it is the purchaser's responsibility to comply with any state or local statutes, ordinances and regulations, and the purchaser's responsibility to notify the appropriate regulatory agencies regarding its use of Debtor's business name, telephone number, and/or other Assets.

10. The Trustee is unaware of any claims secured by the Assets to be sold. If any creditor alleges that they have a perfected secured lien against the Assets, the Trustee would suggest that said lien be deemed transferred to the proceeds of the sale pending further order of this Court.

11. While the Trustee has concluded in his business judgment that this price is acceptable (*See* Schwartzer Declaration), the Court should consider any higher bids made at or before the hearing of this Motion.

## MEMORANDUM OF LAW

Pursuant to 11 U.S.C. § 704(1), a trustee "shall collect and reduce to money the property of the estate for which such trustee serves. . ." In principle, a trustee should liquidate estate assets only if the estate will benefit from the liquidation. In so doing, the trustee should select the method of liquidation that is most beneficial to the estate. Yadkin Valley Bank & Trust Co. v. Northwestern Bank (In re Hutchinson), 132 B.R. 827, 831 (Bankr. M.D.N.C. 1991).

Pursuant to 11 U.S.C. §363(b)(1) the trustee may sell, other than in the ordinary course of business, property of the estate. Fed.R.Bankr. P. 6004(f) governs the conduct of a sale not in the ordinary course of business. Rule 6004(f)(1) provides that "all sales not in the ordinary course of business may be by private sale or by public auction."

Due to the size of the inventory, most of which is used, and much of which is damaged and has little or no value, the Trustee has concluded that selling the Assets by private sale is the most beneficial to creditors and is in the best interests of the estate. If the Assets are not sold, the estate cannot sustain the expense of storing and/or disposing of the inventory and must abandon it. (See Schwartzer Declaration)

While the current offer is acceptable, the Court should consider any higher bids (pursuant to the same purchase terms) made at or before the hearing of this motion.

## CONCLUSION

Wherefore, Trustee prays for an order authorizing (1) the sale of the Assets under the terms and conditions hereinabove set forth **or for such higher bid as is made at or before the hearing of this Motion**, (2) any lien alleged to be perfected to be deemed transferred to the proceeds of the sale, (3) the Trustee to execute any and all documents necessary to effectuate the sale, and (4) such other and further relief as the Court deems just and equitable.

A proposed form of order is attached to this Motion as **Exhibit "3"**.

DATED:   November 17, 2010

_____
Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
*Attorneys for Lenard E. Schwartzer, Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

P:\Schwartzer, Trustee\Hotel Furniture Sales\Motion Sell Assets\Motion Sell Assets.doc    Page 4

# EXHIBIT "1"

Hotel Furniture Sales 1/3

## Bed Sets (Rooms)

| | |
|---|---|
| Mandalay bay | 1000 Rooms |
| Aladdin | 300 ✓ |
| Riviera | 50 ✓ |
| C. Palace | 20 ✓ |
| Venetian | 20 ✓ |
| Flamingo | 100 ✓ |
| Excalibur | 50 ✓ |
| Stratosphere | 5200 ✓ |

| | |
|---|---|
| TV's | 700 Pc. |
| Armoires | 300 ✓ |
| Chairs (Dif) | 1500 ✓ |
| easy chairs (Dif) | 400 ✓ |
| floor Lamps (Dif) | 600 ✓ |
| Table Lamps (Dif) | 500, ✓ |

Hotel Furniture Sales 2/3

| Item | Qty |
|---|---|
| Dressers (2 and 4 Doors) Dif | 800 Pc |
| C. Palace Mini Bar | 300 Pc |
| Tables (Dif) | 800 Pc |
| Headboards (Dif) | 2500 Pc |
| Office Chairs (Dif) | 300 Pc |
| Mirrors (Dif) | 2000 Pc |
| Rolls of Wallpapers | 800 Pc |
| Drapes (Dif) | 7000 Pc |
| Bedspreads (Dif) | 6000 Pc |
| bar tables (Hooter) | 200 Pc |
| Stove's | 65 Pc |
| Scounces Lamps | 300 Pc |
| Vending Machine (Sodas) | 4 Pc |
| Stools | 200 Pc |
| Lamps M.bay (Roof) | 600 Pc |
| Coffee Tables (brown) | 200 Pc |
| Art Work Picture (Dif) | 2000 Pc |
| Sink's | 400 Pc |
| Lounge Chairs (Pool) | 100 Pc |
|  | 100 Pc |

Hotel Furniture Sales 3/3

| Item | Quantity |
|---|---|
| Mirrors No frame | 600 Pc |
| ~~Make mirrors~~ | 200 Pc |
| Jamison Boxsprings | 500 Pc |
| Rolls of Carpet (Dif) | 150 Pc |

# EXHIBIT "2"

**ULTIMATE AUCTIONEERS**
5570 Reference St, Las Vegas, Nv, 89122
(702) 807-5440

To: Leonard Schwartzer
Debtor: Hotel Furniture Sales Inc
Case # 09-29126                                                    Nov 17, 2010

**Auctioneers Proposal Of Sale**

The following assets are located at the debtors addresses. The assets will be sold to the highest bidder by public auction, either as groups or by individuals at the sole discretion of the auctioneer. The auction will occur at the present location of the assets.

The auction/sale will be marketed in local newsprint, internet marketing sites, direct mailers to existing client base, direct fax/email marketing campaign to likely buyers, with exposure on WWW.UltimateAuctioneers.Com and with distributed fliers.

All trailers include the unknown contents loaded by debtor and will be sold with trailers

1986 Fruehauf VIN 1H2VO4821GE018319 1988 Strick VIN 1S12E9484JE294368
1978 Theurer VIN N-56401 1986 Strick VIN 1S12E9483GE276131
1988 Strick VIN 1S12E948XJE304627 1977 Strick VIN 212681
1980 Hobbs VIN BLT-9832-33 Trailmobile (Yr & VIN unknown sell Bill Of Sale Only))
Monon? VIN 1NNZF4523EM075722 (VIN illegible...sell bill of sale only)
1989 Strick VIN 1S12E8489KE310205 1989 Strick VIN 1S12E8481KD319776
1987 Strick VIN 1S12E9484HD289350 1979 Pullman Trailmobile VIN V91242
1980 Stoughton VIN 7-2950-18 1979 Fruehauf VIN MEV623710
1989 Fruehauf VIN 1H2V04820KE000127 1979 Trailmobile VIN V63745
Ailaliaw(?) VIN D64030 (Tag illegible....sell with bill of sale only)
1979 Fruehauf VIN HPV671982 1987 Hobbs VIN 1H5V0482XHM013419
1987 Fruehauf VIN 1H2VO4828HE002720 1989 Strick VIN 1S12E8481KD319549
1990 Fruehauf VIN 1H2V04820LV001135 1985 Fruehauf VIN 1H2V0482XFA030670
1978 Fruehauf VIN FRZ101832 1988 Fruehauf VIN 1H2V04828JE009446
1983 Brae VIN 1B01A4520DS109257 1978 Dorsey VIN 134990
1984 Herit VIN 15SC45205E2006126 (no tag...bill of sale only)
1988 Trailmobile 1PT01FAH4J9007874 1987 Strick VIN 287846
1985 Freuhauf VIN 1H2V04820FH082218 1989 Theuer VIN 1TA114826KG212939
1988 Srick VIN 1S12E8486JE299842 1987 Fruehauf VIN 1H2V04825HA008918
1984 Stirck 1S12EP485ED263383 1987 Great Dane 1GRAA9629HB056801
1987 strick VIN 1S12E9484HE290296 1988 Monon VIN 1NNVA4520JM115312
1989 Strick VIN 1S12E9481KE316487 1989 Fruehauf VIN 1H4V04820KJ024409
1995 Great Dane VIN 1GRAA0624SB054764 1989 Fruehauf VIN 1H3B044829KE029822
1989 Fruehauf VIN 1H2B0482XKE000202 1986 Strick 1S12E948XGD275287
1989 Strick VIN 1S12E8483KD318905 1990 Monon VIN 1NNZS482XLM139260
1996 Ford 1FTYR82E6TVA27128 1989 Fruehauf VIN 1H5V04825KM073809
1985 Monon VIN 1NNZF4525E4075765 1987 Fruehauf VIN 1H2V04825HA001547

## PROPOSAL Continued

UNKNOWN UNIT (no tag....no papers...sell on bill of sale only)
1978 Great Dane VIN 92124 1977 Strick 212675
1989 Strick VIN 1S12E8487KG314094 1981 Hobbs Trailmobile VIN 1H5V04524BM023536
UNKNOW UNIT (no tag....no papers...sell on bill of sale only)
Fruehauf (no tag....no papers....sell on bill of sale)
1988 Fruehauf VIN 1H2V04828JB038947 1978 Fruehauf VIN HPZ648061
1989 Fruehauf VIN 1H2V04828KB000555 UNKNOWN UNIT (no tags..no papers.bill of sale only)
1985 Fruehauf VIN 1H2B046280E01826 Pullman Trailmobile VIN 895988
1986 Fruehauf VIN 1H2V04822GE033394 1979 Fruehauf VIN CHV2947-31
1988 GMC VIN 1GDE6D1B3JV505932 1995 Isuzu VIN JALK7A143P3200096
1994 Ford VIN MPE94VB00022135

**ESTIMATED TOTAL GROSS VALUE $55,000**

Trustee will arrange any necessary agreements with any landlord regarding storage and or use of the property at the cost of the estate.

**Ultimate Auctioneers will be compensated:
A sales fee equal to 25% of the total gross sales of any titled/bill of sale asset.**

Ultimate Auctioneers will collect and retain a 10% buyers fee from all buyers.

The sales fee includes marketing, auction set-up, conduction of the auction, buyer load out and accounting of funds.
Ultimate Auctioneers will conduct the sale on a timely basis.

Attested to this 17th day of November, 2010
Dave McCormack
Ultimate Auctioneers

# EXHIBIT "3"

Jeanette E. McPherson
Nevada Bar No. 5423
Jason A. Imes
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re:<br><br>HOTEL FURNITURE SALES, INC.,<br><br>Debtor. | Case No. BK-S-09-29126-MKN<br>Chapter 7<br><br>**[PROPOSED]**<br>**ORDER GRANTING MOTION TO**<br>**APPROVE SALE OF PERSONAL**<br>**PROPERTY AND GOODWILL**<br><br>Date:  December 15, 2010<br>Time:  11:00 a.m. |
|---|---|

The Trustee's Motion to *Motion to Approve Sale of Personal Property and Goodwill* (the "Motion") [Dkt. #__] having come before this Court on the 15th day of December, 2010; Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee") having appeared by and through his counsel, Jason A. Imes, Esq. of the Schwartzer & McPherson Law Firm; no other parties appearing or filing written oppositions; the Court having reviewed the pleadings on file and argument of the parties, the Motion having been properly noticed, and the Court having made its findings of fact and conclusions of law upon the record, and for good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED and the Trustee is authorized to sell the Debtor's personal property (including but not limited to its inventory, vehicles and trailers), and its goodwill (including name and phone numbers) (the "Assets") free and clear of liens, "as is, where is" and without warranty, to the Sackley Family Trust and/or its assigns for the sum of $65,000 (the "Purchase Price"); and

**IT IS FURTHER ORDERED** that the Purchase Price shall be paid in cash or certified funds to the Trustee no later than December 1, 2010; and

**IT IS FURTHER ORDERED** that any lien alleged to be perfected against the Assets shall be deemed transferred to the proceeds of the sale pending further order of this Court; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to execute any and all documents necessary to effectuate the sale.

Prepared by:

Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
*Attorneys for Lenard E. Schwartzer, Trustee*

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

_X_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### # # #