Jeanette E. McPherson
Nevada Bar No. 5423
Jason A. Imes
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HOTEL FURNITURE SALES, INC.,<br><br>Debtor. | Case No. BK-S-09-29126-MKN<br>Chapter 7<br><br>**DECLARATION OF LENARD E. SCHWARTZER SUPPORTING MOTION TO APPROVE SALE OF PERSONAL PROPERTY AND GOODWILL**<br><br>Date:  December 15, 2010<br>Time:  11:00 a.m. |

I, Lenard E. Schwartzer, do hereby declare under penalty of perjury as follows:

1.  I am over the age of eighteen and am competent to make this Declaration. I have personal knowledge of the facts in this matter, except where stated upon information and belief.

2.  I am the duly appointed Chapter 7 Trustee for the estate of Hotel Furniture Sales, Inc. (the "Debtor").

3.  I make this Declaration in connection with the *Motion to Approve Sale of Personal Property and Goodwill* (the "Motion") filed concurrently with this Declaration, and if called to testify, I could and would testify to the following statements set forth herein.

4.  On October 12, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continued to manage its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until July 13, 2010, when the Court entered an *Order Granting Motion for Order Converting Case to Chapter 7*

1  *or for Appointment of Chapter 11 Trustee or Examiner* [Docket #150] directing the appointment
2  of a Chapter 11 trustee for this case.

3.  On July 13, 2010, the Office of the United State Trustee filed the *Appointment of Lenard E. Schwartzer As Trustee For The Estate of Hotel Furniture Sales, Inc.* [Docket No. 151], and on November 5, 2010, the Court entered the *Order Granting Motion of Chapter 11 Trustee for Conversion of Case to Case Under Chapter 7* [Dkt. #200].

4.  I am familiar with Debtor's operation since being appointed as Chapter 11 Trustee, and have determined that the Debtor was engaged in the acquisition and sale of large volumes of new and used hotel furniture which it then sold through retail and wholesale channels. The Debtor utilized two massive warehouse locations -- the larger of which is approximately 56,000 square feet with furniture stacked over forty feet in the air.

5.  I have determined that the labor and trucking cost of simply removing and disposing of the inventory will exceed $150,000 and could take weeks to accomplish based on Debtor's previous relocation, and the estate cannot afford continued storage costs for the inventory.

8.  I believe it is in the best interest of the estate to sell the estate's personal property (including but not limited to its inventory, vehicles and trailers), and its goodwill (including name and phone numbers) (the "Assets") according to the following terms:

| | |
|---|---|
| Buyer: | Sackley Family Trust and/or its assigns |
| Price: | $65,000.00 |
| Payable: | Cash or certified funds due no later than December 1, 2010 |
| Conditions: | Property to be sold "as is, where is" and without warranty. |

9.  I am unaware of any claims secured by the Assets to be sold. If any creditor alleges that they have a perfected secured lien against the Assets, I would suggest that said lien be deemed transferred to the proceeds of the sale pending further order of this Court.

11.  I have concluded in my business judgment that this proposed sale price is acceptable, but believe the Court should consider any higher bids made at or before the hearing of this Motion.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

12. I have personally inspected the warehouses, and due to the size of the inventory, most of which is used, and much of which is damaged and has little or no value, I have concluded that selling the Assets by private sale is the most beneficial to creditors and is in the best interests of the estate.

13. If the Assets are not sold, the estate cannot sustain the expense of storing and/or disposing of the inventory and must abandon it, so this proposed sale is a much better alternative for the estate and its creditors.

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated this 17 day of November, 2010.

_____
Lenard E. Schwartzer, Trustee

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122