Jeanette E. McPherson
Nevada Bar No. 5423
Jason A. Imes
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HOTEL FURNITURE SALES, INC.,<br><br>                        Debtor. | Case No. BK-S-09-29126-MKN<br>Chapter 7<br><br>**MOTION FOR AUTHORIZATION<br>(1) TO EMPLOY AUCTIONEER,<br>(2) TO SELL CERTAIN PERSONAL<br>PROPERTY AT PUBLIC AUCTION,<br>(3) TO PAY AUCTIONEER COMMISSION**<br><br>Date:   December 15, 2010<br>Time:  11:00 a.m. |

Lenard E. Schwartzer, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Hotel Furniture Sales, Inc. (the "Debtor"), by and through his counsel, Schwartzer & McPherson Law Firm, hereby files this *Motion for Authorization to (1) Employ Auctioneer, (2) to Sell Certain Personal Property at Public Auction, and (3) to Pay Auctioneer Commission* (the "Motion").

The Trustee seeks (1) authority to employ Ultimate Auctioneers to auction certain personal property, including equipment and vehicles, (2) authorization to sell Debtor's vehicles, trailers and certain property at public auction free and clear of liens, (3) authorization to deem any lien subsequently alleged to be perfected against the Property transferred to the proceeds of the sale pending further order of this Court; and (4) authorization to pay Ultimate Auctioneers a commission equal to 25% of the gross sales of any titled assets, and 40% of the gross sales of any non-titled assets.

# POINTS AND AUTHORITIES

## Facts

1. On October 12, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continued to manage its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until July 13, 2010, when the Court entered an *Order Granting Motion for Order Converting Case to Chapter 7 or for Appointment of Chapter 11 Trustee or Examiner* [Docket #150] directing the appointment of a Chapter 11 trustee for this case.

3. On July 13, 2010, the Office of the United State Trustee filed the *Appointment of Lenard E. Schwartzer As Trustee For The Estate of Hotel Furniture Sales, Inc.* [Docket No. 151].

4. On November 5, 2010, the Court entered the *Order Granting Motion of Chapter 11 Trustee for Conversion of Case to Case Under Chapter 7* [Dkt. #200].

5. The Debtor was engaged in the acquisition and sale of large volumes of new and used hotel furniture which it then sold through retail and wholesale channels. The Debtor utilized two massive warehouse locations -- the larger of which is approximately 56,000 square feet with furniture stacked over forty feet in the air. (See Schwartzer Declaration)

6. No accurate listing of Debtor's inventory was ever compiled or kept due mainly to the sheer immensity and Debtor's acquisition of furniture in bulk, but a rough estimate of the inventory was prepared by the estate's special accountant and is attached as **Exhibit "1."**

7. A list of the titled vehicles (prepared by Dave McCormack of Ultimate Auctioneers) is attached as **Exhibit "2."**

8. The Trustee has determined that the labor and trucking cost of simply removing and disposing of the inventory will exceed $150,000 and could take weeks to accomplish based on Debtor's previous relocation, and the estate cannot afford continued storage costs. (See Schwartzer Declaration)

9. The Trustee is attempting to negotiate a sale of the entirety of Debtor's personal

property and goodwill, but he has concluded that if he is unable to find a party interested in purchasing the entirety of Debtor's personal property "as is, where is," then the continued storage of the personal property will immediately exceed any expected net benefit to the estate. (See Schwartzer Declaration)

11. If the Trustee is unable to secure a sale of the entirety of Debtor's assets, the Trustee seeks authority to employ ULTIMATE AUCTIONEERS, 5570 Reference Street, Las Vegas, Nevada (the "Auctioneer") to auction the titled vehicles and trailers, and certain personal property to be selected by the Auctioneer (collectively the "Auction Property"), at public auction. The Trustee also seeks authorization to pay the auctioneer a commission of 25% of the gross sales of any titled assets, and 40% of any non-titled assets. Auctioneer will charge buyers a 10% buyer's premium for all purchases, which will be added to the buyer's bill as a service charge (See Auctioneer's Proposal attached as **Exhibit "2"**)

12. The Auctioneer is bonded in the amount of $100,000.00, and the bond is on file in the Office of the United States Trustee.

13. The sale of the Auction Property will be conducted at Debtor's premises, and the payment terms will be cash or equivalent on the day of the sale with the title to the property to be transferred upon payment. The Trustee will file a Report of Sale with this Court after the auction. No further confirmation of sale will be sought.

14. To ensure timely liquidation of the Auction Property, if any lien is subsequently alleged to be perfected against any Auction Property, the Trustee proposes that said lien be deemed transferred to the proceeds of the sale pending further order of this Court. (See Schwartzer Declaration.)

15. The Trustee reserves the right to request authorization to surcharge any property determined to be secured collateral for administrative costs associated with preserving and disposing of the Property pursuant to 11 U.S.C. §506(c).

16. The Trustee believes that the Auctioneer is aware of the provisions of 11 U.S.C. §328 and has agreed, notwithstanding the terms and conditions of employment herein, that the

Court may allow compensation different from the compensation provided herein if such terms and conditions prove to have been improvident in light of unanticipated developments at the time of the fixing of such terms and conditions

## Memorandum of Law

### I. EMPLOYMENT OF AUCTIONEER

11 U.S.C. §327(a) states that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

The Trustee is informed and believes that the Auctioneer is also appropriately qualified and is a disinterested person within the meaning of 11 U.S.C. §101, and that the auction terms are reasonable and in the best interest of the estate. Accordingly, she has concluded it is appropriate to employ said Auctioneer under the provisions of 11 U.S.C. §327(a) pursuant to the terms set forth above. (See Schwartzer Declaration.)

### II. DUTY OF TRUSTEE TO REDUCE ESTATE PROPERTY TO MONEY

The duties of a trustee in a Chapter 7 filing are enumerated in 11 U.S.C. § 704, which provides that:

The trustee shall--

> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

11 U.S.C. § 363(b)(1) provides that:

> The trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

The Trustee believes that auctioning the Auction Property is in the best interest of this estate and is the most expeditious and cost-effective method to liquidate the Auction Property and reduce this estate's property to money. While most of the inventory is of insufficient value to generate any net benefit, the titled vehicles and trailers, and certain pieces of the inventory have sufficient value to justify sale at public auction. (See Schwartzer Declaration)

## CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that this Motion be granted and that the Trustee be given (1) authority to employ Ultimate Auctioneers to auction certain personal property, including equipment and vehicles, (2) authorization to sell Debtor's vehicles, trailers and certain property at public auction free and clear of liens, (3) authorization to deem any lien subsequently alleged to be perfected against the Property transferred to the proceeds of the sale pending further order of this Court; and (4) authorization to pay Ultimate Auctioneers a commission equal to 25% of the gross sales of any titled assets, and 40% of the gross sales of any non-titled assets.

Pursuant to LR 9021, a copy of the proposed Order is attached hereto as **Exhibit "3."**

DATED: November 17, 2010

/s/ Jeanette E. McPherson

Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
*Attorneys for Lenard E. Schwartzer, Trustee*

# EXHIBIT "1"

Hotel Furniture Sales 1/3

## Bed Sets (Rooms)

| | |
|---|---|
| Mandalay bay | 1000 Rooms |
| Aladdin | 300 ✓ |
| Riviera | 50 ✓ |
| C. Palace | 20 ✓ |
| Venetian | 20 ✓ |
| Flamingo | 100 ✓ |
| Excalibur | 50 ✓ |
| Stratosphere | 500 ✓ |

| | |
|---|---|
| TV's | 700 Pc. |
| Armoires | 300 ✓ |
| Chairs (Dif) | 1500 ✓ |
| easy chairs (Dif) | 400 ✓ |
| floor Lamps (Dif) | 600 ✓ |
| table Lamps (Dif) | 500. ✓ |

Hotel Furniture Sales 2/3

| Item | Qty |
|---|---|
| Dressers (2 and 4 Doors) Dif | 800 Pc |
| C. Palace Mini Bar | 300 Pc |
| Tables (Dif) | 800 Pc |
| Headboards (Dif) | 2500 Pc |
| Office Chairs (Dif) | 300 Pc |
| Mirrors (Dif) | 2000 Pc |
| Rolls of Wallpapers | 800 Pc |
| Drapes (Dif) | 7000 Pc |
| Bedspreads (Dif) | 6000 Pc |
| bar tables (Hooter) | 200 Pc |
| Stove's | 65 Pc |
| Sconces Lamps | 300 Pc |
| Vending Machine (Sodas) | 4 Pc |
| Stools | 200 Pc |
| Lamps H.bay (Roof) | 600 Pc |
| Coffee tables (brown) | 200 Pc |
| Art Work Picture (Dif) | 2000 Pc |
| Sink's | 400 Pc |
| Lounge Chairs (Pool) | 100 Pc |
|  | 100 Pc |

Hotel Furniture Sales 3/3

| | |
|---|---|
| Mirrors No frame | 600 Pc |
| Matte mirrors | 200 Pc |
| Jamison Boxsprings | 500 Pc |
| Rolls of Carpet (Dif) | 150 Pc |

# EXHIBIT "2"

## ULTIMATE AUCTIONEERS
5570 Reference St, Las Vegas, Nv, 89122
(702) 807-5440

To: Leonard Schwartzer
Debtor: Hotel Furniture Sales Inc
Case # 09-29126                                                                 Nov 15, 2010

### **Auctioneers Proposal Of Sale**

The following assets are located at the debtors addresses. The assets will be sold to the highest bidder by public auction, either as groups or by individuals at the sole discretion of the auctioneer. The auction will occur at the present location of the assets.

The auction/sale will be marketed in local newsprint, internet marketing sites, direct mailers to existing client base, direct fax/email marketing campaign to likely buyers, with exposure on WWW.UltimateAuctioneers.Com and with distributed fliers.

<u>All trailers include the unknown contents loaded by debtor and will be sold with trailers</u>

| | |
|---|---|
| 1986 Fruehauf VIN 1H2VO4821GE018319 | 1988 Strick VIN 1S12E9484JE294368 |
| 1978 Theurer VIN N-56401 | 1986 Strick VIN 1S12E9483GE276131 |
| 1988 Strick VIN 1S12E948XJE304627 | 1977 Strick VIN 212681 |
| 1980 Hobbs VIN BLT-9832-33 | Trailmobile (Yr & VIN unknown  sell Bill Of Sale Only)) |
| Monon? VIN 1NNZF4523EM075722 (VIN illegible...sell bill of sale only) | |
| 1989 Strick VIN 1S12E8489KE310205 | 1989 Strick VIN 1S12E8481KD319776 |
| 1987  Strick VIN 1S12E9484HD289350 | 1979 Pullman Trailmobile VIN V91242 |
| 1980 Stoughton VIN 7-2950-18 | 1979 Fruehauf VIN MEV623710 |
| 1989 Fruehauf VIN 1H2V04820KE000127 | 1979 Trailmobile VIN V63745 |
| Ailaliaw(?) VIN D64030 (Tag illegible....sell with bill of sale only) | |
| 1979 Fruehauf VIN HPV671982 | 1987 Hobbs VIN 1H5V0482XHM013419 |
| 1987 Fruehauf VIN 1H2VO4828HE002720 | 1989 Strick VIN 1S12E8481KD319549 |
| 1990 Fruehauf VIN 1H2V04820LV001135 | 1985 Fruehauf VIN 1H2V0482XFA030670 |
| 1978 Fruehauf VIN FRZ101832 | 1988 Fruehauf VIN 1H2V04828JE009446 |
| 1983 Brae VIN 1B01A4520DS109257 | 1978 Dorsey VIN 134990 |
| 1984 Herit VIN 15SC45205E2006126 (no tag...bill of sale only) | |
| 1988 Trailmobile 1PT01FAH4J9007874 | 1987 Strick VIN 287846 |
| 1985 Freuhauf VIN 1H2V04820FH082218 | 1989 Theuer VIN 1TA114826KG212939 |
| 1988 Srick VIN 1S12E8486JE299842 | 1987 Fruehauf VIN 1H2V04825HA008918 |
| 1984 Stirck 1S12EP485ED263383 | 1987 Great Dane 1GRAA9629HB056801 |
| 1987 strick VIN 1S12E9484HE290296 | 1988 Monon VIN 1NNVA4520JM115312 |
| 1989 Strick VIN 1S12E9481KE316487 | 1989 Fruehauf VIN 1H4V04820KJ024409 |
| 1995 Great Dane VIN 1GRAA0624SB054764 | 1989 Fruehauf VIN 1H3B044829KE029822 |
| 1989 Fruehauf VIN 1H2B0482XKE000202 | 1986 Strick 1S12E948XGD275287 |
| 1989 Strick VIN 1S12E8483KD318905 | 1990 Monon VIN 1NNZS482XLM139260 |
| 1996 Ford 1FTYR82E6TVA27128 | 1989 Fruehauf VIN 1H5V04825KM073809 |
| 1985 Monon VIN 1NNZF4525E4075765 | 1987 Fruehauf VIN 1H2V04825HA001547 |

PROPOSAL Continued

UNKNOWN UNIT (no tag....no papers...sell on bill of sale only)
1978 Great Dane VIN 92124           1977 Strick 212675
1989 Strick VIN 1S12E8487KG314094       1981 Hobbs Trailmobile VIN 1H5V04524BM023536
UNKNOW UNIT (no tag....no papers...sell on bill of sale only)
Fruehauf (no tag....no papers....sell on bill of sale)
1988 Fruehauf VIN 1H2V04828JB038947           1978 Fruehauf VIN HPZ648061
1989 Fruehauf VIN 1H2V04828KB000555    UNKNOWN UNIT (no tags..no papers.bill of sale only)
1985 Fruehauf VIN 1H2B046280E01826        Pullman Trailmobile VIN 895988
1986 Fruehauf VIN 1H2V04822GE033394           1979 Fruehauf VIN CHV2947-31
1988 GMC VIN 1GDE6D1B3JV505932           1995 Isuzu VIN JALK7A143P3200096
1994 Ford VIN MPE94VB00022135
Hyster Fork Lift S/N B010B07487L (bill of sale)    Cat Fork Lift S/N 4EM90987 (bill of sale)

## ESTIMATED TOTAL GROSS VALUE $55,000

Ultimate Auctioneers will also chose and liquidate any non titled asset which the auctioneers believes to be cost effective for the estate and the auctioneer.

Trustee will arrange any necessary agreements with any landlord regarding storage and or use of the property at the cost of the estate.

**Ultimate Auctioneers will be compensated:**

**A sales fee equal to 25% of the total gross sales of any titled asset.**

**A sales fee equal to 40% of any non-titled assets.**

Ultimate Auctioneers will collect and retain a 10% buyers fee from all buyers.

The sales fee includes marketing, hauling any non titled asset to the auction facility, auction set-up, conduction of the auction, buyer load out and accounting of funds. Ultimate Auctioneers will conduct the sale on a timely basis.

Attested to this 15th day of November, 2010

Dave McCormack
Ultimate Auctioneers

# EXHIBIT "3"

Jeanette E. McPherson
Nevada Bar No. 5423
Jason A. Imes
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HOTEL FURNITURE SALES, INC.,<br><br>                               Debtor. | Case No. BK-S-09-29126-MKN<br>Chapter 7<br><br>**[PROPOSED]**<br>**ORDER GRANTING**<br>**MOTION FOR AUTHORIZATION**<br>**(1) TO EMPLOY AUCTIONEER,**<br>**(2) TO SELL CERTAIN PERSONAL PROPERTY AT PUBLIC AUCTION,**<br>**(3) TO PAY AUCTIONEER COMMISSION**<br><br>Date: December 15, 2010<br>Time: 11:00 a.m. |

The Trustee's *Motion for Authorization to (1) Employ Auctioneer, (2) to Sell Certain Personal Property at Public Auction, and (3) to Pay Auctioneer Commission* (the "Motion") [Dkt. #___] having come before this Court on the 15th day of December, 2010; Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee") having appeared by and through his counsel, Jason A. Imes, Esq. of the Schwartzer & McPherson Law Firm; no other parties appearing or filing written oppositions; the Court having reviewed the pleadings on file and argument of the parties, the Motion having been properly noticed, and the Court having made its findings of fact and conclusions of law upon the record, and for good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED, and the Trustee is authorized to employ Ultimate Auctioneers to auction Debtor's titled vehicles and trailers set forth

in the attached Auctioneers Proposal of Sale, plus any non-titled assets selected by Auctioneer free and clear of liens at public auction; and

**IT IS FURTHER ORDERED** that any lien subsequently alleged to be perfected against the Auction Property shall be deemed transferred to the proceeds of the sale pending further order of this Court; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to pay Ultimate Auctioneers a commission equal to 25% of the gross sales of any titled assets, and 40% of the gross sales of any non-titled assets for the sale of the Auction Property.

Prepared by:

_____
Jeanette E. McPherson, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
*Attorneys for Lenard E. Schwartzer, Trustee*


In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___   The court has waived the requirement of approval under LR 9021(b)(1).

___   No party appeared at the hearing or filed an objection to the motion.

___   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

_X_   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### # # #