Jeanette E. McPherson
Nevada Bar No. 5423
Jason A. Imes
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-S-09-29126-MKN<br>Chapter 7 |
| HOTEL FURNITURE SALES, INC., | **MOTION TO REJECT**<br>**NON-RESIDENTIAL LEASES**<br>**(RE: 4120 WINDMILL LANE, #111, AND** |
| Debtor. | **4170 W. HARMON AVENUE, #6)** |
| | Date:   December 15, 2010<br>Time:  11:00 a.m. |

Lenard E. Schwartzer, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Hotel Furniture Sales, Inc. (the "Debtor"), by and through his counsel, Schwartzer & McPherson Law Firm, hereby files this *Motion to Reject Non-Residential Leases (4120 Windmill Lane, #111 and 4170 W. Harmon Avenue, #6)* (the "Motion") seeking rejection of Debtor's unexpired non-residential real property leases for Debtor's premises at 4120 Windmill Lane, #111 (the "Windmill Lease") and at 4170 W. Harmon Avenue, #6 (the "Harmon Lease"). The Trustee requests that said rejection be deemed effective as of the date of this Motion.

This Motion is made and based upon 11 U.S.C. § 365, the Declaration of Lenard E. Schwartzer filed concurrently with this Motion, the Points And Authorities set forth herein, the pleadings on file, and any argument to be presented at the time of hearing on this Motion.

/ / /

/ / /

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**POINTS AND AUTHORITIES**

<u>Facts</u>

1.     On October 12, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.     The Debtor continued to manage its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until July 13, 2010, when the Court entered an *Order Granting Motion for Order Converting Case to Chapter 7 or for Appointment of Chapter 11 Trustee or Examiner* [Docket #150] directing the appointment of a Chapter 11 trustee for this case.

3.     On July 13, 2010, the Office of the United State Trustee filed the *Appointment of Lenard E. Schwartzer As Trustee For The Estate of Hotel Furniture Sales, Inc.* [Docket No. 151].

4.     On November 5, 2010, the Court entered the *Order Granting Motion of Chapter 11 Trustee for Conversion of Case to Case Under Chapter 7* [Dkt. #200].

5.     The Debtor was engaged in the purchase and sale of new and used hotel furniture, and utilized two large warehouse locations for its retail and wholesale operation.

6.     The Debtor is a party to two unexpired leases of non-residential real property for these warehouse facilities.

7.     One lease is for Debtor's premises at 4120 Windmill Lane, #111, Las Vegas, Nevada (the "Windmill Lease"). The lessor is Pacifica Blue Diamond V, LLC. Pacifica Blue Diamond V, LLC has filed a Motion for Relief from Automatic Bankruptcy Stay [Dkt. #215].

8.     The other lease is for Debtor's premises at 4170 W. Harmon Avenue #6, Las Vegas, Nevada (the "Harmon Lease"), and the lessor is L&B Harmon, LLC. L&B Harmon has a pending motion for relief from the automatic stay [Dkt. #201] relating to the Harmon Lease.

9.     The Trustee is attempting to sell the Debtor's massive inventory but if it cannot be sold the Trustee has determined that the labor and trucking cost of relocating or disposing of the inventory (estimated in the $150,000 range based on a previous move) will be prohibitively high and will not result in any net benefit to the estate. (See Schwartzer Declaration)

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

10.    The Trustee seeks authorization through this Motion to reject the Windmill Lease and the Harmon Lease as of the date of this Motion because, in the Trustee's business judgment, neither the Windmill Lease nor the Harmon Lease (collectively "the Leases") benefit the estate or its creditors.  (See Schwartzer Declaration.)

## MEMORANDUM OF LAW

Section 365(a) the Bankruptcy Code provides that a trustee, with court approval, may reject any executory contract or unexpired lease.  Because there are obligations that remain unperformed by Debtor, including, but not limited to, making continued payments pursuant to the Leases and maintaining the leased premises, the Leases are executory.

### A.  Trustee's Business Judgment

Although the Bankruptcy Code does not set forth guidelines for determining whether to approve a trustee's decision to assume an executory contract or unexpired lease, the courts have overwhelmingly applied a "business judgment" test when reviewing such a decision.  See, e.g., Group of Inst. Investors v. Chicago, M., St. P. & Pac. R.R., 318 U.S. 523, 550, 63 S.Ct. 727, 742-43 (1943); NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523, 104 S.Ct. 1188, 1194 (1984); Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 756 F.2d 1043, 1046-47 (4th Cir.1985), cert. denied, 475 U.S. 1057 (1986); Carey v. Mobil Oil Corp. (In re Tilco, Inc.), 558, F.2d 1369, 1372 (10th Cir. 1977); Robertson v. Pierce (In re Chi-Feng Huang), 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982).

A trustee satisfies the "business judgment" test when he reasonably decides, in good faith, that rejection will benefit its estate.  In re Chipwich, Inc., 54 B.R. 427, 430-31 (Bankr. S.D.N.Y. 1985); Commercial Fin., Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions. Inc.), 47 B.R. 425, 427 (D. Haw.1985) ("Under the business judgment test, a court should approve a debtor's proposed assumption if such assumption will benefit the estate.")  Bankruptcy courts generally approve the trustee's decision to assume a lease or executory contract absent either: (a) a showing

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    of bad faith or abuse of discretion; or (b) a demonstration that assumption will not benefit the

2    estate or its creditors. <u>Chipwich</u>, 54 B.R. at 430-31.

3        The Trustee has evaluated the estate's assets and the Leases and concluded it is in the best

4    interest of the estate to reject the Leases.  The Trustee has concluded that assumption of the Leases

5    will not benefit the estate or its creditors, and the estate is not in a position to pay the required

6    rents on an ongoing basis.   (See Schwartzer Declaration)

7        **B.  Rejection Effective as of Date of Motion**

8        The Trustee also requests that rejection of the Windmill Lease and the Harmon Lease be

9    deemed effective as of the date of this Motion.  <u>In re At Home Corp.</u>, 392 F.3d 1064 (9th Cir.

10   2004) (("[A] bankruptcy court, in exercising its equitable powers under 11 U.S.C. § 105(a), may

11   approve the retroactive rejection of a nonresidential lease when 'necessary or appropriate to carry

12   out the provisions of' § 365(d)."); <u>Thinking Machines Corp. v. Mellon Financial Services Corp. #</u>

13   <u>1</u> (<u>In re Thinking Machines Corp.</u>), 67 F.3d 1021, 1028 (1st Cir.1995) ("[A] bankruptcy court,

14   when principles of equity so dictate, may approve a rejection of a nonresidential lease pursuant to

15   section 365(a) retroactive to the motion filing date."); <u>Stonebriar Mall Ltd. Partnership v. CCI</u>

16   <u>Wireless, LLC</u> (<u>In re CCI Wireless, LLC</u>), 297 B.R. 133, 138 (D.Colo.2003); <u>In re Amber's</u>

17   <u>Stores, Inc.</u>, 193 B.R. 819, 827 (Bankr.N.D.Tex.1996); <u>Constant Ltd. Partnership v. Jamesway</u>

18   <u>Corp.</u> (<u>In re Jamesway Corp.</u>), 179 B.R. 33 (S.D.N.Y.1995).

19                          **CONCLUSION**

20       Accordingly, the Trustee requests authorization to reject the lease for Debtor's premises at

21   4120 Windmill Lane, #111, Las Vegas, Nevada, and the lease for 4170 W. Harmon Avenue, #6,

22   Las Vegas, Nevada, and the Trustee requests that the rejection of said leases be deemed effective

23   as of the date of this Motion.

24   / / /

25   / / /

26   / / /

27   / / /

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   A proposed form of order is attached as **Exhibit "1."**

2   DATED:  November 17, 2010

3

4

5   Jeanette E. McPherson, Esq.
    Jason A. Imes, Esq.

6   Schwartzer & McPherson Law Firm
    2850 South Jones Blvd., Suite 1

7   Las Vegas NV  89146

8   *Attorneys for Lenard E. Schwartzer, Trustee*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "1"

1   Jeanette E. McPherson
    Nevada Bar No. 5423
2   Jason A. Imes
    Nevada Bar No. 7030
3   Schwartzer & McPherson Law Firm
4   2850 South Jones Boulevard, Suite 1
    Las Vegas, Nevada 89146-5308
5   Telephone: (702) 228-7590
    Facsimile: (702) 892-0122
6   E-Mail: bkfilings@s-mlaw.com
7   *Counsel for Lenard E. Schwartzer, Trustee*

8                    **UNITED STATES BANKRUPTCY COURT**
                          **DISTRICT OF NEVADA**
9

10  In re:                                    Case No. BK-S-09-29126-MKN
                                              Chapter 7
11
    HOTEL FURNITURE SALES, INC.,
12                                            **[PROPOSED]**
                                              **ORDER GRANTING**
13                               Debtor.      **MOTION TO REJECT**
                                              **NON-RESIDENTIAL LEASES**
14                                            **(RE: 4120 WINDMILL LANE, #111, AND**
                                              **4170 W. HARMON AVENUE, #6)**
15

16                                            Date:   December 15, 2010
                                              Time:  11:00 a.m.
17

18          The Trustee's Motion to *Motion to Reject Non-Residential Leases (4120 Windmill Lane,*

19  *#111 and 4170 W. Harmon Avenue, #6)* (the "Motion") [Dkt. #___ ] having come before this Court

20  on the 15th day of December, 2010; Lenard E. Schwartzer, Chapter 7 Trustee (the "Trustee")

21  having appeared by and through his counsel, Jason A. Imes, Esq. of the Schwartzer & McPherson

22  Law Firm; no other parties appearing or filing written oppositions; the Court having reviewed the

23  pleadings on file and argument of the parties, the Motion having been properly noticed, and the

24  Court having made its findings of fact and conclusions of law upon the record, and for good cause

25  appearing,

26          **IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED, and the Debtor's

27  unexpired lease of non-residential property at 4120 Windmill Lane, #111, Las Vegas, Nevada, is

28  deemed rejected; and

P:\Schwartzer, Trustee\Hotel Furniture Sales\Motion Reject Leases\Order Reject Leases.doc          Page 1

1    **IT IS FURTHER ORDERED** that the Debtor's unexpired lease of non-residential

2    property at 4170 W. Harmon Avenue, #6, Las Vegas, Nevada, is deemed rejected; and

3    **IT IS FURTHER ORDERED** that the Trustee's rejection of these two Leases is deemed

4    effective as of November 17, 2010, the filing date of the Trustee's Motion.

5    Prepared by:

6

7    _____

8    Jeanette E. McPherson, Esq.
     Jason A. Imes, Esq.

9    Schwartzer & McPherson Law Firm
     2850 South Jones Blvd., Suite 1

10   Las Vegas NV 89146

11   *Attorneys for Lenard E. Schwartzer, Trustee*

12

13   In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

14   ___    The court has waived the requirement of approval under LR 9021(b)(1).

15   ___    No party appeared at the hearing or filed an objection to the motion.

16   ___    I have delivered a copy of this proposed order to all counsel who appeared at the hearing,

17   and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

18   _X_    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order

19   with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

20                                   # # #

21

22

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122