Jeanette E. McPherson
Nevada Bar No. 5423
Jason A. Imes
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Counsel for Lenard E. Schwartzer, Chapter Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>HOTEL FURNITURE SALES, INC.,<br><br>Debtor. | Case No. BK-S-09-29126-MKN<br>Chapter 7<br><br>**DECLARATION OF LENARD E. SCHWARTZER SUPPORTING MOTION TO ABANDON DEBTOR'S PERSONAL PROPERTY**<br><br>Date:   December 15, 2010<br>Time:   11:00 a.m. |

I, Lenard E. Schwartzer, do hereby declare under penalty of perjury as follows:

1. I am over the age of eighteen and am competent to make this Declaration. I have personal knowledge of the facts in this matter, except where stated upon information and belief.

2. I am the duly appointed Chapter 7 Trustee for the estate of Hotel Furniture Sales, Inc. (the "Debtor").

3. I make this Declaration in connection with the *Motion to Abandon Debtor's Personal Property* (the "Motion") filed concurrently with this Declaration, and if called to testify, I could and would testify to the following statements set forth herein.

4. On October 12, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continued to manage its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until July 13, 2010, when the Court entered an *Order Granting Motion for Order Converting Case to Chapter 7*

*or for Appointment of Chapter 11 Trustee or Examiner* [Docket #150] directing the appointment of a Chapter 11 trustee for this case.

3. On July 13, 2010, the Office of the United State Trustee filed the *Appointment of Lenard E. Schwartzer As Trustee For The Estate of Hotel Furniture Sales, Inc.* [Docket No. 151], and on November 5, 2010, the Court entered the *Order Granting Motion of Chapter 11 Trustee for Conversion of Case to Case Under Chapter 7* [Dkt. #200].

4. I am familiar with Debtor's operation since being appointed as Chapter 11 Trustee, and have determined that the Debtor was engaged in the acquisition and sale of large volumes of new and used hotel furniture which it then sold through retail and wholesale channels. The Debtor utilized two massive warehouse locations -- the larger of which is approximately 56,000 square feet with furniture stacked over forty feet in the air.

5. I have determined that the labor and trucking cost of simply removing and disposing of the inventory will exceed $150,000 and could take weeks to accomplish based on Debtor's previous relocation, and the estate cannot afford continued storage costs for the inventory.

6. I believe the titled vehicles and trailers, by contrast (see **Exhibit "2"** to the Motion) can be sold for a net benefit to creditors, and they should not be abandoned.

7. I am attempting to negotiate a sale of the entirety of Debtor's personal property and goodwill, but if I am unable to sell Debtor's personal property "as is, where is," then the continued storage of the personal property, with the exception of the titled vehicles and trailers, will immediately exceed any expected net benefit to the estate, and should be abandoned.

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated this 17 day of November, 2010.

_____
Lenard E. Schwartzer, Trustee